### METROPOLITAN SECURITIES CO v KALFAS

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12026. Decided Oct 26, 1931

Bulkley, Hauxhurst, Jamison and Sharp, Cleveland, for plaintiff in error.

Fred E. Wirtshafter and I. E. Gilden, Cleveland, for defendant in error.

494

VICKERY, J.

Several errors are urged why this judg-- ment should be reversed and all we need to discuss is the charge of the court. One has only to read the charge to see how little the court comprehended the nature of the action that was pending before it. That part of it now referred to is as follows:

"So the only question for the jury to determine is, in taking the car did the defendant use that degree of care, did he use that utmost care, that is the highest degree of care, which an ordinarily prudent person, an intelligent person, would use in preserving the interests of the plaintiff at this particular sale?"

What in the world that had to do with the suit before the court is beyond this court to discover. We have asked the learned counsel for the defendant in error to explain it and he is not able to convey any better notion to the court as to what the charge means than the court itself. Remember this is an action in conversion and if the car was converted it was converted purposely with the obvious intention to appropriate the car, and so the question of "care" such as is described in this charge was utterly beside the question and had nothing to do with it; and if there were no other error in the record than this, it would compel the court to reverse the judgment.

But coming again to the same charge on the measure of damages, it would be difficult to find another charge like it. That part of the charge now referred to is as follows:

"Now, if you believe from a preponderance of the evidence, ladies and gentlemen of the jury, that this car at the particular time it was taken from the plaintiff was worth $1500, and if you further believe that it was sold at a price which would shock the conscience of an ordinarily prudent and intelligent person, and it was sold or bought by this defendant for the sum of. $750, then, ladies and gentlemen of the jury, it is your duty to determine what particular price between $750 and $1500 would be, under all of the circumstances, a reasonable price for that particular automobile,"

Our judgment is that if the plaintiff was entitled to recover in the court below, it would be the difference between the value of the car as it was when it was sold and converted by the defendant below and the amount which the defendant had the car sold for; and the "shocking of conscience", no matter how tender it might be, would have nothing to do with the liability of the defendant for wrongfully converting the car. For this reason we would be compelled to reverse this case.

The judgment of the writer of this opinion is that inasmuch as this car was sold at public venue at a bailiff's sale, the purchaser, or the Metropolitan Securities Corporation, would only have to be accountable for what it brought. There probably is no rule or law requiring other than a public notice being given in accordance with law, and not especially notifying the defendant that his car would be sold. The sale on execution is a matter of public record and is different than it would be if the company had taken the car on their mortgage and sold it under the mortgage. Then they probably would be compelled to notify the defendant, the plaintiff below, and would be accountable for the reasonable value of the car if they took it in for less than the reasonable value, but that rule does not obtain where it is sold on execution; so the writer of this opinion thinks that under no circumstances can the plaintiff below maintain this kind of a suit unless there was an agreement that was broken, but so far as that agreement is concerned, there was no consideration for it, and the agreement would not amount to anything as a legal contract unless it were based upon a consideration. All the money having become due, agreeing to pay a part of it or all of it would not be a consideration for an extension of time. There would have to be some new consideration outside of this sum and this record shows from the defendant in error's own testimony that the parties did wait and kept this car long after the five or six weeks had passed.

So, under no circumstances, does the writer of this opinion think that a recovery could be had. It is admitted, however, in court by the able counsel for plaintiff in error that the defendant should have a credit for $117.48 representing installments that were received and for which credit had not been given; and if that were the only error in the judgment, we could modify it so that it would stand for that much, but the charge being so erroneous and so foreign to the matter in hand, the only thing we can do is to reverse the judgment and remand the case to the court below. At the same time we suggest that the parties had

better get together and get the $117.48 that they admit owing and I suppose are ready to pay.

The Judgment will be reversed and the case remanded.

LEVINE, PJ, and WEYGANDT, J, concur.